A98A1547. BONNER v. THE STATE.
(504 SE2d 27)

ANDREWS, Chief Judge.

John Willie Bonner appeals the judgment entered on his conviction for possession of cocaine with intent to distribute and possession of marijuana, contending the trial court erred in denying his motion to suppress evidence.

Bonner contends the evidence was the result of an illegal stop. For the reasons which follow, we agree and reverse the trial court's denial of the motion to suppress evidence.

Because the evidence regarding the stop of Bonner was undisputed, the trial court's application of the law to these facts is subject to de novo appellate review. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

The evidence was that on September 16, 1997, vice and narcotics officers with the Richmond County Sheriff's Department were conducting an investigation and surveillance operation at the Royal Palms Motel. The police were investigating complaints of drug and prostitution activity at the motel, which was in an area known for high drug activity. Investigator Tyrone Williams was specifically watching activity in Room 12, which was occupied by a woman known only as "Bleak," on whom Williams was trying to gather information. Investigator Williams observed this woman going back and forth to rooms and also approaching cars inside the motel parking lot. Based upon his training and experience with narcotics and vice, Investigator Williams suspected the woman was either "attempting to sell her body or attempting to sell drugs," although he had not seen or heard anything evidencing actual sale of drugs or solicitation of prostitution.

During the surveillance, a green Chevrolet Beretta entered the parking lot and stopped. The driver, Bonner, got out and reentered

on the passenger side. The woman Williams was watching came out of Room 12, got behind the wheel of the Beretta and drove away. Williams and his partner followed the vehicle as it left the motel so as not to arouse suspicion when they later stopped it in order to identify the female. Upon approaching the passenger side of the vehicle where Bonner was sitting, Williams noticed an odor of marijuana. He saw Bonner moving his hands under the seat and asked Bonner to get out of the car. Williams peered into the vehicle and noticed what appeared to be a partially smoked marijuana cigarette or "blunt" in the passenger seat. Bonner was arrested for possession of marijuana and searched, revealing two rocks of crack cocaine in his front pocket and $2,160 in cash.

"Although an officer may conduct a brief investigative stop of a vehicle (see *Delaware v. Prouse*, 440 U. S. 648 (99 SC 1391, 59 LE2d 660) (1979)), such a stop must be justified by 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.' *Terry v. Ohio*, 392 U. S. 1, 21 (88 SC 1868, 20 LE2d 889) (1968). See also *United States v. Brignoni-Ponce*, 422 U. S. 873 (95 SC 2574, 45 LE2d 607) (1975). The U. S. Supreme Court recognized the difficulty in defining 'the elusive concept of what cause is sufficient to authorize police to stop a person,' and concluded that the essence of the elusive concept was to take the totality of the circumstances into account and determine whether the detaining officer has 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.' *United States v. Cortez*, 449 U. S. 411, 417-418 (101 SC 690, 66 LE2d 621) (1981). 'This demand for specificity in the information upon which police action is predicated is the central teaching of (the Supreme Court's) Fourth Amendment jurisprudence.' *Terry v. Ohio*, supra at 21, n. 18." *Vansant v. State*, supra at 320 (2).

In the present case, the officer never observed any illegal activity or traffic violation occur. Compare *Buffington v. State*, 228 Ga. App. 810 (492 SE2d 762) (1997). While he did earlier observe suspicious behavior by the woman consistent with either drug trafficking or prostitution, the officer did not articulate any facts which led him to believe such activity was occurring when he pulled over the car. In his own words, the officer was only "[conducting] an investigation inquiry to *identify* the black female. . . ." (Emphasis supplied.)

The earlier suspicious activity by the woman does not suffice, because an officer's statement that someone was "acting suspicious," without more, will not justify a *Terry* stop. *Barnes v. State*, 228 Ga. App. 44 (491 SE2d 116) (1997).

The judgment is therefore reversed and remanded for a new trial consistent with this opinion.

*Judgment reversed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 1, 1998.

*Peter D. Johnson*, for appellant.
*Daniel J. Craig, District Attorney*, for appellee.