A98A2377. ATTAWAY v. THE STATE.
(511 SE2d 635)

RUFFIN, Judge.

Ryan Attaway was charged with driving under the influence of alcohol. He moved to suppress evidence arising from his traffic stop, contending that the police officer had no articulable suspicion for the stop. The trial court denied the motion and granted Attaway's request for a certificate of immediate review. We granted Attaway's application for interlocutory appeal and reverse the trial court's ruling.

"While the trial court's findings as to disputed facts in a ruling

on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." (Citations omitted.) *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

Corporal David Martin of the Fayette County Sheriff's Department testified that, shortly before midnight on September 3, 1997, he received a radio call from the dispatcher to be on the lookout for a small red vehicle, possibly with a white driver. According to Martin, the dispatcher said that a caller had reported that the vehicle had circled around a subdivision several times on Misty Forest Drive. About ten or fifteen minutes later, Martin saw a small red vehicle turn off of Misty Forest Drive. Martin followed the car for between a quarter and a half mile, then decided to stop the car because it was on a road leading out of the subdivision. Martin did not observe any violations of law while following the vehicle, but testified that he stopped the vehicle because it matched the dispatcher's description and because there had been many previous reports of vandalism in the area. He testified that he wanted to see if the driver had any valid reason to be in the neighborhood. Martin testified that, after stopping the vehicle, he smelled alcohol on the driver, Attaway.

"[A]lthough an officer may conduct a brief investigative stop of a vehicle, such a stop must be justified by specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. The U. S. Supreme Court recognized the difficulty in defining the elusive concept of what cause is sufficient to authorize police to stop a person, and concluded that the essence of the elusive concept was to take the totality of the circumstances into account and determine whether the detaining officer has a particularized and objective basis for suspecting the particular person stopped of criminal activity. This demand for specificity in the information upon which police action is predicated is the central teaching of the Supreme Court's Fourth Amendment jurisprudence." (Citations and punctuation omitted.) *Hughes v. State*, 269 Ga. 258, 259-260 (497 SE2d 790) (1998).

It is not necessary to consider whether the original call to the sheriff's office came from an "anonymous tipster" or a "concerned citizen," since Attaway's conduct as described by the caller and observed by Martin did not justify an investigative stop. In *Hughes*, the Supreme Court reversed the denial of a motion to suppress in circumstances similar to the present case. The officer in that case stopped an individual because his conduct in driving through a neighborhood conformed to a "pattern" of behavior indicative of drug or prostitution transactions. Id. at 260. However, the Court held that

"there is no objective manifestation that a person is, or is about to be, engaged in criminal activity merely because the person is a white man in a black neighborhood late at night, who picks up a black man at a location police consider a high-crime area, and who then drives slowly in a circular fashion through the neighborhood. While such behavior might justify an officer in closely observing the individuals engaged in that behavior, it is not alone sufficient to indicate that the individuals are or might be engaged in illegal activity so as to provide a reasonable, articulable suspicion to stop those individuals." Id. at 261.

In this case, there was even less basis for suspecting criminal activity on Attaway's part. Assuming that Attaway's car was in fact the one reported to police, the only arguably suspicious behavior by Attaway was driving around a subdivision several times late at night. No evidence was introduced that such activity violated any local ordinance or other applicable law, or that there was any other basis for the stop. While the police officer testified that there had been past incidents of vandalism in the area, the police received no information that Attaway had committed any such acts. Although, as in *Hughes*, the police might have been justified in closely observing Attaway's actions, his behavior did not provide a "particularized and objective basis for suspecting [him] of criminal activity sufficient to justify an investigatory stop." (Citations and punctuation omitted.) Id. at 260. Accordingly, the trial court's denial of Attaway's motion to suppress must be reversed. See *Bonner v. State*, 233 Ga. App. 215 (504 SE2d 27) (1998) (reversing denial of motion to suppress where officer observed no illegal activity but testified that driver had been "acting suspicious").

*Judgment reversed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED FEBRUARY 8, 1999.

*Ballard & Ballard, Scott L. Ballard,* for appellant.
*Steven L. Harris, Solicitor,* for appellee.