A99A2157. HOWDEN v. THE STATE.
(522 SE2d 279)

McMURRAY, Presiding Judge.

Defendant Dwight Edward Howden was convicted, after a bench trial, of driving under the influence of alcohol. Defendant filed this appeal, challenging the trial court's order denying his motion to sup-

press. This Court must construe the facts, if possible, so as to uphold the trial court's findings and judgment. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646).

On May 4, 1998, defendant stayed late at his place of business and consumed alcohol as he worked on an intricate engineering proposal. At about 10:15 that evening, defendant decided to call it a day. He triple-locked the windowless building's steel door on his way out, turned and observed a patrol car parked across the street. Because this was not unusual, defendant paid the officer little attention. He got in his nearby van, cranked the engine and headed home. But defendant did not get far. The patrol car's blue lights signaled for defendant to stop as he turned onto a nearby street. Defendant complied, but he could not remove the alcoholic odor that hung on his breath. Officer Scott Martin of the Dalton Police Department arrested defendant for suspected drunk driving.

Officer Martin testified that he stopped defendant because it was late at night and defendant's warehouse is located in an area known for criminal activity. Officer Martin explained that his suspicions were first aroused when he arrived on the scene because he observed defendant's van "backed into one of the [closed warehouse's] doors." Officer Martin testified that he decided to make an investigative stop because defendant's van exited the deserted parking lot just a couple of minutes after his patrol car arrived on the scene. *Held*:

A temporary investigatory stop under *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889), involving restraint must be supported by articulable suspicion that the suspect was, or was about to be, engaged in criminal activity. *Exposito v. State*, 191 Ga. App. 761, 762 (1) (382 SE2d 412). Officer Martin triggered such an encounter in the case sub judice when he stopped defendant's van. See *State v. Corbett*, 205 Ga. App. 554 (423 SE2d 38). The question then, is whether Officer Martin articulated objective facts at the motion to suppress hearing, which justified his suspicion that criminal activity was afoot at defendant's warehouse. We find that he did not.

An investigative stop must be based upon an objective reflection of circumstances which would authorize a reasonable suspicion that the person stopped is, or is about to be, engaged in criminal conduct. An officer must therefore have, as an agent of the state, a founded suspicion — a particularized factual basis from which the court can determine that the detention was not arbitrary or harassing. *Painter v. State*, 227 Ga. App. 875, 877 (490 SE2d 544). In the case sub judice, Officer Martin did not articulate any particular fact indicating that the occupant of defendant's van was or was about to be engaged in criminal activity. He did not explain that crimes had been committed in the area under similar circumstances, nor did he testify that he observed unusual loading activity into defendant's van. Officer Mar-

tin's testimony proves only that defendant's warehouse is in an area known for criminal activity and that a van was leaving this warehouse late at night. These circumstances do not justify an investigative detention under *Terry v. Ohio*, 392 U. S. 1, supra. And in so holding, we affirm the sort of totality of the circumstances analysis found in *Oboh v. State*, 217 Ga. App. 553 (458 SE2d 177), and thus find the case sub judice distinguishable from this Court's holding in *Anderson v. State*, 123 Ga. App. 57, 60 (2) (179 SE2d 286). Further, we find the State's reliance on *Dillard v. State*, 177 Ga. App. 805, 806 (1) (341 SE2d 310), misplaced because, unlike the case sub judice, the investigative stop in *Dillard* was authorized by evidence showing that the suspect vehicle was seen parked in the driveway of a house where several burglaries had occurred, and a passenger in that vehicle was observed acting in a suspicious manner when a police cruiser arrived at the scene.

The trial court erred in denying defendant's motion to suppress.
*Judgment reversed. Johnson, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 9, 1999 —
RECONSIDERATION DISMISSED SEPTEMBER 23, 1999.

*Kinney, Kemp, Sponcler, Joiner & Tharpe, James T. Ward*, for appellant.
*Kermit N. McManus, District Attorney, Matthew A. Rankin, Assistant District Attorney*, for appellee.