## A03A1626. COX v. THE STATE.
(587 SE2d 205)

ELDRIDGE, Judge.

Following a jury trial in the City Court of Atlanta, James Cox was found guilty of DUI — excessive blood alcohol content and DUI — less safe driver. He appeals, claiming trial court error in the denial of his motion to suppress, the admission of a police report, and the denial of his motion for mistrial made because of the "highly prejudicial nature" of the arresting officer's rebuttal testimony. Finding no error in the trial court's rulings, we affirm.

Viewing the record to support the trial court's findings,[1] the evidence is that at 3:40 a.m. while on routine patrol of various closed businesses on Sheridan Road, Atlanta Police Officer R. Roach saw a minivan back into a parking space behind Showcase Photo. The Showcase Photo parking lot was gated, but the gate was open; the lot had two posted no trespassing signs. Roach testified that numerous burglaries had occurred in businesses in the area and that he felt further investigation was warranted. As the officer pulled into the parking lot to investigate, the minivan attempted to drive away. Based on the number of burglaries in the area, the early morning hour, the closed business, the posted no trespassing signs, the minivan's unexplained presence, and the attempt to drive away as the police vehicle pulled in, the officer activated his emergency lights and stopped the minivan. Cox was driving.

Immediately upon approaching the vehicle, Officer Roach smelled a strong odor of alcoholic beverage emanating from Cox's person. Cox told the officer that he had "had a few." This information spurred a request by the officer for Cox to perform three field sobriety exercises. Cox agreed, and he failed to adequately perform each exercise. He was arrested for DUI and blew 0.126 on the intoximeter. *Held*:

1. Cox first claims error in the trial court's denial of his motion to suppress the results of the intoximeter test, because Officer Roach did not have reasonable articulable suspicion to stop his vehicle.

[A] police officer may stop an automobile and conduct a limited investigative inquiry of its occupants if he has reason-

---

[1] *Loney v. State*, 245 Ga. App. 376, 377 (537 SE2d 780) (2000).

able grounds for such action — a founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing.[2]

The issue is whether the officer's motives and actions at the time and under all the circumstances were reasonable.

In this case, we find that a vehicle discovered at 3:40 a.m. in a no-trespass-posted parking lot behind a closed business in an area plagued by burglaries and which vehicle attempts evasive action upon the approach of a police cruiser provides a sufficient basis for an investigative stop. Under the circumstances, the stop cannot be considered simply arbitrary or harassing, but is based upon a reasonable suspicion of criminal activity.

Cox's reliance on our decision in *Howden v. State*[3] is misplaced because *Howden* is distinguishable on its facts. There, the vehicle's presence in the parking lot was not unexplained; the detaining officers had been parked across the street for several minutes and had witnessed Howden lock up his business at 10:00 p.m., walk to his vehicle, and start to drive away before making a stop allegedly based upon burglaries in the area.[4]

On a motion to suppress, the trial court sits as the trier of fact, and "its findings are analogous to a jury verdict and will not be disturbed if there is any evidence to support them."[5] Since evidence of record supports the stop of Cox's vehicle, we do not find error in the trial court's denial of the motion to suppress on the basis urged.

2. Next, Cox claims a "continuing witness" error in permitting the State to introduce Officer Roach's police report into evidence and permitting such report to go to the jury during deliberations.

In Georgia the "continuing witness" objection is based on the notion that written testimony is heard by the jury when read from the witness stand just as oral testimony is heard when given from the witness stand. But, it is unfair and places undue emphasis on written testimony for the writing to go out with the jury to be read again during deliberations, while oral testimony is received but once.[6]

---

[2] (Citation and punctuation omitted.) *Jenkins v. State*, 201 Ga. App. 654, 656 (2) (413 SE2d 460) (1991).

[3] 240 Ga. App. 139 (522 SE2d 279) (1999).

[4] Compare also *State v. Winnie*, 242 Ga. App. 228 (529 SE2d 215) (2000) (stop not supported by testimony about criminal activity in the area or by the vehicle's attempt to drive away upon the approach of a police cruiser).

[5] (Footnote omitted.) *Walczak v. State*, 259 Ga. App. 140, 141 (1) (575 SE2d 906) (2003).

[6] (Citation omitted.) *Tibbs v. Tibbs*, 257 Ga. 370-371 (359 SE2d 674) (1987).

(a) On the record before us, it appears that only the first page of the police report was sent to the jury for deliberations. This portion of the report contains no narrative and does not in any fashion duplicate Officer Roach's testimony relating to the commission of the offense. As such, a "continuing witness" objection was not warranted.

(b) Even if the "Narrative" portion contained on the second page of the police report had gone out with the jury, we find no reversible error under the circumstances presented here.

The "Narrative" portion contained on the second page of Officer Roach's police report was subject to a "continuing witness" objection as duplicative of Roach's testimony. It is true, as noted by the trial court, that Cox's defense attorney specifically cross-examined the officer about the contents of his police report; however, Officer Roach's veracity was not called into question through such cross-examination. In *Evans v. State*,[7] a case relied upon by the trial court for the admission of the police report in this case, the clear charge of "recent fabrication" which was raised through defense counsel's extensive cross-examination of the officer about his police report in relation to his trial testimony made the contents of the police report relevant and admissible as consistent with the officer's trial testimony:

> Evans without a doubt called into question whether [Officer] Sears' trial testimony was the result of recent fabrication in order to "carry the day" and secure a DUI conviction; thus, the State was entitled to rehabilitate Sears on redirect through the proof of the prior consistent statements contained [in the police report].[8]

The claim of recent fabrication in the officer's trial testimony that rendered the police report admissible over objection in *Evans* is not present here.

"Allowing the [narrative portion of the police report] to go out with the jury violated the continuing witness rule. Nevertheless, a judgment need not be reversed unless the error is harmful."[9] We do not find harm here because the contents of the report were consistent with appellant Cox's own testimony.

Cox testified that he was behind the closed building at the location stated in the report; he testified that he was pulling away as the police vehicle approached, as stated in the report; he testified that he had consumed four beers and "two Schnapps" earlier in the evening

---

[7] 253 Ga. App. 71, 74-75 (1) (558 SE2d 51) (2001).

[8] (Footnote omitted.) Id. at 74.

[9] *Kent v. State*, 245 Ga. App. 531, 533 (3) (538 SE2d 185) (2000).

and that he told Officer Roach that he had been drinking, as stated in the report; he testified that he failed the field sobriety exercises for a variety of reasons, as stated in the report; and, finally, he testified that he had taken prescribed medications for a serious medical condition that would account for the way the officer may have perceived his physical condition as stated in the report and would also account for an elevated blood alcohol content. Under these circumstances, where the narrative of the police report is consistent with not only the officer's testimony but also with that of the defendant, we will not reverse a conviction on the basis of a "continuing witness" objection.

3. We find no error in denying Cox's motion for mistrial made as to Officer Roach's rebuttal testimony that Cox told him on the incident night that he was parked behind the Showcase Photo to "pick up some men." On direct examination, Cox testified to the jury that he was behind Showcase Photo to fix a tire, making the officer's rebuttal testimony admissible as impeachment going to Cox's veracity.[10]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 3, 2003 —<br>RECONSIDERATION DENIED SEPTEMBER 18, 2003.

*Tara D. Dickerson, Kevin J. Jones*, for appellant.
*Joseph J. Drolet, Solicitor-General, Gerald Mason, Assistant Solicitor-General*, for appellee.

---

[10] OCGA § 24-9-82 ("A witness may be impeached by disproving the facts testified to by him.").