A07A0210. YOUNG v. THE STATE.
(645 SE2d 690)

JOHNSON, Presiding Judge.

Billy Ray Young was charged with driving after having been declared a habitual violator and giving a false name to a law enforcement officer. He moved to suppress evidence obtained after the officer had stopped him in his car, arguing that the officer did not have a lawful basis for the stop. After an evidentiary hearing, the trial court denied Young's motion to suppress, finding that the officer had reasonable articulable suspicion to conduct an investigatory stop.

Young subsequently opted for a nonjury trial. He and the state agreed that evidence presented at the motion hearing would also be considered by the judge at the bench trial. The trial judge found Young guilty of both the habitual violator and giving false information offenses, and imposed 12-month sentences for each offense.

Young appeals, asserting that the trial court erred in denying his motion to suppress evidence. We agree with Young that the trial court erred in finding the officer had reasonable suspicion to conduct the investigatory stop, and we therefore reverse the trial court's judgment.

At the suppression hearing, the only witness was the police officer who had arrested Young. He testified that at 1:30 a.m., on August 25, 2005, he saw someone driving a car with a lawn mower in the open trunk. The driver was coming from an area where there had been reports of thefts, so the officer thought the mower might be stolen. He followed the car for approximately two blocks and did not see the driver commit any traffic offenses. He then stopped the car for the sole purpose of investigating whether the mower was stolen.

---

[12] See *Pittman v. State*, 243 Ga. App. 564, 565-566 (2) (a) (533 SE2d 769) (2000).

As he approached the vehicle, the officer saw other lawn equipment in the back of the car. The officer asked the driver for his driver's license and proof of insurance, but the driver could not produce either item. The driver identified himself as Perry Young and claimed his birth date was November 29, 1962. When the officer checked the name and birth date with a police dispatcher, he discovered that the information matched a valid driver's license, but that the driver did not match the physical description of the person holding that license. After the driver could not provide the address listed for that license, the officer placed him under arrest. The officer then searched the vehicle and found a wallet containing Young's identification card, and he later discovered that Young did not have a valid driver's license and was a habitual violator.

A police officer need not have probable cause to conduct an investigative stop of a vehicle, but he must have a reasonable suspicion of criminal activity that is more than a mere hunch.[1]

> Even if there is no probable cause to arrest for a traffic or other offense, the Fourth Amendment allows police to stop a vehicle to investigate a reasonable suspicion of criminal activity. To meet the reasonable suspicion standard, police must point, under the totality of the circumstances, to specific and articulable facts which, taken together with rational inferences from those facts, provide a particularized and objective basis for suspecting the particular person stopped of criminal activity. Accordingly, a general suspicion or a mere hunch is not sufficient to support an investigative stop.[2]

In the instant case, the only reason the officer stopped Young was because he saw him driving with a lawn mower in the car trunk near an area where there had been thefts reported. The officer, however, could not testify about any recent theft reports and admitted that he was not on the lookout for a stolen lawn mower. Moreover, there is no evidence that Young violated any traffic laws prior to the stop or that there was anything unlawful about him transporting a lawn mower in the trunk of a car.

"[T]he act of driving at night, lawfully, on a public road in a high crime area does not justify an investigative stop in the absence of

---

[1] *Smith v. State*, 245 Ga. App. 613, 615 (538 SE2d 517) (2000).
[2] (Citations and punctuation omitted.) *Slocum v. State*, 267 Ga. App. 337, 337-338 (599 SE2d 299) (2004).

additional circumstances."[3] The state has failed to provide evidence of any such additional circumstances, and therefore Young's act of driving lawfully on a public road in early morning hours near an area of reported thefts did not justify the officer's investigative stop. Because the officer did not have a particularized and objective reason to suspect Young of criminal activity, the trial court erred in failing to suppress the evidence discovered as a result of that unlawful traffic stop.[4]

*Judgment reversed. Phipps and Mikell, JJ., concur.*

DECIDED MAY 2, 2007.

*Nathanael A. Horsley*, for appellant.
*Lee Darragh, District Attorney, Vanessa E. Sykes, Assistant District Attorney*, for appellee.

---

[3] (Citation omitted.) *Lyttle v. State*, 279 Ga. App. 659, 661 (632 SE2d 394) (2006).
[4] See *Baker v. State*, 256 Ga. App. 75, 78-79 (1) (567 SE2d 738) (2002).