## A09A1181. PRITCHARD v. THE STATE.
### (684 SE2d 88)

DOYLE, Judge.

Following a stipulated bench trial, Priscilla Pritchard was convicted of a single count of possession of methamphetamine. Pritchard now appeals from the trial court's denial of her motion to suppress evidence seized by the police from her vehicle, arguing that the police had insufficient evidence to justify the traffic stop. We reverse, for reasons that follow.

Where the evidence introduced at a suppression hearing is undisputed and there is no question regarding witness credibility, we review de novo the trial court's application of the law to the undisputed facts.[1]

Here, the evidence shows that on January 29, 2006, Deputy Brent Morrison of the Newton County Sheriff's Department answered a call from an unidentified individual "in reference to suspicious vehicles being in or around" a residence that had recently been identified by police as an alleged "drug house."[2] Deputy Morrison responded to the location, where the person who called in the tip flagged him down and told him that a Toyota truck and a Toyota Camry had just pulled out of the driveway of the residence at issue. Deputy Morrison observed the two described vehicles, and as he approached the Camry, which Pritchard was driving, it pulled into a driveway. Deputy Morrison continued to follow the truck and initiated a traffic stop because the truck was "loaded up with several items," and it did not have operational taillights. The officer did not observe the Camry violate any traffic rules.

Deputy Morrison instructed another officer to approach the Camry "to see if it was related to the incident[ ]" and to determine whether Pritchard lived at the residence where she stopped her vehicle. Once the second officer determined that Pritchard did not live there, he "escorted her back down to figure out what was going on." According to Deputy Morrison, Pritchard was "stopped" and was not free to leave when she was asked "to come back down." While the officer was speaking to Pritchard, he observed a clear

---

[1] See *Duke v. State*, 257 Ga. App. 609 (571 SE2d 414) (2002).

[2] Deputy Morrison admitted that the caller indicated only that the vehicles were "suspicious" because they were leaving the residence at issue; the caller did not say anything to indicate that the individuals in the vehicles were involved in selling or buying drugs or that she had observed any illegal activity.

plastic baggie next to the seat belt in the middle console of the vehicle she was driving; a subsequent test revealed that the baggie contained methamphetamine.

After her arrest, Pritchard filed a motion to suppress the evidence seized from her vehicle, arguing that the police did not have probable cause to stop her. Deputy Morrison testified at the hearing, at which the evidence was limited to the legality of the officer's stop of Pritchard. Following the hearing, the trial court entered an order denying Pritchard's motion to suppress, concluding that "[b]ased upon the totality of the circumstances, the stop made by law enforcement was proper." At the subsequent bench trial, the parties stipulated that Deputy Morrison stopped Pritchard's vehicle and that she was arrested after another officer observed the baggie in her car.

Pritchard argues that the trial court erred in concluding that Deputy Morrison had probable cause for initiating the traffic stop.[3] We agree.

> [A]lthough an officer may conduct a brief investigative stop of a vehicle, such a stop must be justified by specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. The U. S. Supreme Court recognized the difficulty in defining the elusive concept of what cause is sufficient to authorize police to stop a person, and concluded that the essence of the elusive concept was to take the totality of the circumstances into account and determine whether the detaining officer has a particularized and objective basis for suspecting the particular person stopped of criminal activity. This demand for specificity in the information upon which police action is predicated is the central teaching of

---

[3] On appeal, the State argues in part that the encounter between law enforcement and Pritchard "was merely a first tier encounter and not a traffic stop. [Pritchard] pulled her vehicle into a driveway and stopped it voluntarily. No traffic stop ever occurred; therefore, [the officer] did not need reasonable, articulable suspicion to approach the vehicle and speak with [Pritchard]." We find this argument entirely unpersuasive, given the State's specific stipulation at the bench trial that "Deputy Morrison stopped the vehicle that [Pritchard] was driving." See *In the Interest of R. J. M.*, 295 Ga. App. 886, 891 (2) (673 SE2d 527) (2009) (a stipulation is "an admission in judicio and is conclusive and binding upon the part[ies]") (punctuation omitted). Moreover, the trial court's finding that Deputy Morrison executed a traffic stop of Pritchard was supported by the evidence and not clearly erroneous; thus, the State's argument that this was a first-tier encounter is without merit. See *Satterfield v. State*, 289 Ga. App. 886, 888 (1) (658 SE2d 379) (2008). Finally, Deputy Morrison's testimony that Pritchard was not free to leave elevated the encounter from a consensual encounter to a second-tier stop. See id.

16

the Supreme Court's Fourth Amendment jurisprudence.[4]

Here, "[i]t is not necessary to consider whether the original call to the sheriff's office came from an 'anonymous tipster' or a 'concerned citizen,' since [Pritchard's] conduct as described by the caller and observed by [Deputy Morrison] did not justify an investigative stop."[5] Both the Supreme Court of Georgia and this Court have held that an officer does not have reasonable, articulable suspicion to stop an individual who is driving near or parking near a location where crimes have been committed.[6] Similarly, in *State v. Mallard*,[7] this Court concluded that a second-tier stop was not authorized based on a police officer's observation that the defendant drove away from a house shortly before the police executed a search warrant for drugs at the residence.[8] Likewise, in *State v. Hopper*,[9] we concluded that the police did not have specific articulable facts sufficient to give rise to a reasonable suspicion of criminal activity where an officer observed the defendant going into a suspected drug house in the middle of the afternoon and then leave shortly thereafter.[10]

In this case, the only evidence to support the traffic stop is that Pritchard's car was in front of a residence that had been previously raided by the police. This evidence simply

> did not constitute an objective manifestation that [Pritchard] was, or was about to be, engaged in criminal activity sufficient to warrant the intrusion of a traffic stop. . . . [W]hile such behavior might justify an officer in closely observing the individual[ ] engaged in that behavior, it is not alone sufficient to indicate that the individual[ ] [is] or might be engaged in illegal activity so as to provide a reasonable, articulable suspicion to stop [that] individual[ ].[11]

Thus, because Deputy Morrison lacked a particularized and objective

---

    [4] (Citations and punctuation omitted.) *Hughes v. State*, 269 Ga. 258, 259-260 (1) (497 SE2d 790) (1998).

    [5] *Attaway v. State*, 236 Ga. App. 307, 308 (511 SE2d 635) (1999).

    [6] See, e.g., *Hughes*, 269 Ga. at 261 (1); *Young v. State*, 285 Ga. App. 214, 215-216 (645 SE2d 690) (2007); *Lyttle v. State*, 279 Ga. App. 659, 661-662 (632 SE2d 394) (2006); *Baker v. State*, 256 Ga. App. 75, 79 (1) (567 SE2d 738) (2002); *Howden v. State*, 240 Ga. App. 139, 140 (522 SE2d 279) (1999); *Attaway*, 236 Ga. App. at 309.

    [7] 246 Ga. App. 357 (541 SE2d 46) (2000).

    [8] See id. at 358, 361.

    [9] 293 Ga. App. 220 (666 SE2d 735) (2008).

    [10] See id. at 222-223. Compare *Satterfield*, 289 Ga. App. at 889 (2) (traffic stop authorized because officer observed defendant drive away from a house where suspected drug activity occurred and then drive to the residence of defendant's passenger, a known drug offender).

    [11] (Citation and punctuation omitted.) *Lyttle*, 279 Ga. App. at 661.

basis for suspecting Pritchard of criminal activity sufficient to justify an investigatory stop, the trial court erred in denying Pritchard's motion to suppress the evidence obtained as a result of the stop.

*Judgment reversed. Blackburn, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 2, 2009.

*Salvatore L. Schiappa III*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, Anne M. Kurtz, Assistant District Attorney*, for appellee.