## A92A2285. CRUMBLEY v. THE STATE.
### (427 SE2d 27)

JOHNSON, Judge.

Eddie Lee Crumbley was convicted of entering an automobile in violation of OCGA § 16-8-18. In his only enumeration of error, Crumbley contends that the trial court erred in denying his motion for a directed verdict of acquittal. " 'A directed verdict in a criminal case is warranted only where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of not guilty, that is, where an acquittal is the only legal finding possible.' " (Citations omitted.) *Womble v. State*, 203 Ga. App. 107 (416 SE2d 148) (1992). The evidence at trial showed that the victim called the police after witnessing two people near her parked car. The ignition, gear shift lever and dashboard of the victim's auto were damaged. The officer who responded to the victim's call found two men at the victim's car and saw another car with the hood up several hundred yards away. As the officer approached,

the two men fled. At the same time, someone slammed shut the hood of the other car and it sped away. The officer called for backup and a high-speed chase ensued. The chase ended when the engine in the get-away car burned out.

Freddie Mango, who was also charged, entered a guilty plea in connection with the incident. Mango was called as a witness for the state, and testified that he, Crumbley and three other individuals had planned and executed the break-in of the victim's car for the purpose of stealing parts. Mango identified Crumbley as the person who initially checked to see if the victim's car was locked. Mango also testified that Crumbley had helped in figuring out how to break the car's gear shift, and had been the driver of the get-away car during the high speed chase.

Crumbley gave a written statement admitting that he was present at the scene of the crime and during the other perpetrators' conversations about breaking into the car. He also admitted that he raised the hood of the get-away car "so it would look like it was broke (sic) down if anyone came by" and that he fled on foot when the police arrived.

"The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction." (Citations and punctuation omitted.) *Johnson v. State*, 201 Ga. App. 88, 89 (1) (410 SE2d 189) (1991). Viewing the evidence in the light most favorable to the verdict, we find the evidence and all reasonable deductions therefrom are such as to enable a rational trier of fact to find Crumbley guilty beyond a reasonable doubt of entering an automobile. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Therefore, the court correctly denied Crumbley's motion for a directed verdict of acquittal.

*Judgment affirmed. Pope, C. J., and Carley, P. J., concur.*

DECIDED JANUARY 4, 1993.

*Arthur J. Shelfer, Jr.*, for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Mark E. Mitchell, Assistant District Attorneys*, for appellee.