A94A2563. EVANS v. THE STATE.
A94A2595. TINCH v. THE STATE.
(453 SE2d 100)

JOHNSON, Judge.

Derek Evans and Christopher Tinch appeal from their convictions, rendered by a judge sitting without a jury, of criminal attempt to enter an automobile.

1. Evans and Tinch claim there was insufficient evidence that they took a substantial step toward entering an automobile. "A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. In determining whether there was sufficient proof of a substantial step, we must review the evidence in the light most favorable to the verdict. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crumbley v. State*, 207 Ga. App. 33, 34 (427 SE2d 27) (1993). Viewed in this light, the evidence shows Evans, Tinch and Jermaine Corbitt discussed stealing stereo equipment from automobiles; they were in possession of screwdrivers, pliers and various car keys; Tinch drove the trio in his car to a mall parking lot to find a car to break into; they slowly drove through the parking lots of the mall

and two other nearby shopping centers for approximately forty-five minutes, but left without entering an automobile because they were being followed by a pickup truck, which they later learned was occupied by undercover police officers.

Contrary to the claim of Evans and Tinch, this evidence was sufficient to support the court's finding that they took a substantial step toward entering an automobile with the intent to commit a theft. See OCGA § 16-8-18. "In order to constitute the offense of attempt to commit a crime, the accused must do some act towards its commission. Commission means the act of committing, doing, or performing; the act of perpetrating. Mere acts of preparation, not proximately leading to the consummation of the intended crime, will not suffice to establish an attempt to commit it. To constitute an attempt there must be an act done in pursuance of the intent, and more or less directly tending to the commission of the crime. In general, the act must be inexplicable as a lawful act, and must be more than mere preparation. Yet it cannot accurately be said that no preparations can amount to an attempt. It is a question of degree, and depends upon the circumstances of each case. The substantial step language of OCGA § 16-4-1 shifts the emphasis from what remains to be done to what the actor *has already done.* The fact that further steps must be taken before the crime can be completed does not preclude such a finding that the steps already undertaken are substantial. In addition to assuring firmness of criminal purpose, the requirement of a substantial step will remove very remote preparatory acts from the ambit of attempt liability and the relatively stringent sanctions imposed for attempts." (Citations and punctuation omitted.) *Smith v. State,* 189 Ga. App. 27, 29-30 (1) (375 SE2d 69) (1988).

Evans' and Tinch's discussion regarding the theft of a car stereo and their possession of tools to aid in the commission of such a theft, without more, would not have amounted to an attempt to enter an automobile, but merely would have been preparatory acts not proximately leading to the consummation of the crime of entering an automobile. Evans and Tinch, however, went beyond these remote acts of preparation when they drove to the shopping center parking lots in search of a specific car to enter. Taken as a whole, the acts of Evans and Tinch were done in pursuit of their intent to enter an automobile for the purpose of stealing stereo equipment and those acts directly tended to the commission of that crime. See *Adams v. State,* 178 Ga. App. 261, 263-264 (2) (b) (342 SE2d 747) (1986); compare *R. L. T. v. State,* 159 Ga. App. 828 (285 SE2d 259) (1981). The trial court therefore did not err in finding Evans and Tinch guilty beyond a reasonable doubt of criminal attempt to enter an automobile.

2. Evans and Tinch argue the court erred in denying their motion to suppress all evidence seized by the police after the stop of Tinch's

car because the police did not have reasonable suspicion to stop the car or probable cause to arrest them. At the outset, we note the police officers validly stopped the car based on their observation that Tinch was operating it with a defective headlight. See *Barnett v. State*, 204 Ga. App. 491, 492 (1) (420 SE2d 43) (1992). Moreover, "an officer may conduct a brief investigative stop of a vehicle, [but] such a stop must be justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. Investigative stops of vehicles are analogous to *Terry*-stops, and are invalid if based upon only unparticularized suspicion or hunch. An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity. This suspicion need not meet the standard of probable cause, but must be more than mere caprice or a hunch or an inclination." (Citations and punctuation omitted.) *Jorgensen v. State*, 207 Ga. App. 545, 546 (428 SE2d 440) (1993).

In the instant case, the officers suspected that the occupants of Tinch's vehicle were loitering or prowling. "A person commits the offense of loitering or prowling when he is in a place at a time or in a manner not usual for law-abiding individuals under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity." OCGA § 16-11-36. The officers' suspicions that Tinch and his passengers were in the parking lots in a manner not usual for law-abiding citizens and under circumstances causing concern for the safety of motor vehicles in the lots were not unparticularized hunches, but were based on specific, articulable facts. The officers testified Tinch's car slowly circled through the shopping center parking lots for 45 minutes without parking; none of the car's occupants entered a store; the car slowed down and its occupants closely looked at a Volkswagen Cabriolet, a type of car that is often stolen; and a high number of automobile thefts and break-ins had occurred in the shopping center parking lots. Because the officers' stop of Tinch's automobile was based on reasonable suspicion and not mere caprice, it was valid. See generally *Anthony v. State*, 211 Ga. App. 622, 625-626 (4) (441 SE2d 70) (1993).

After stopping the car, the officers found a long-bladed screwdriver in Evans' coat pocket during an appropriate pat-down search of the trio for weapons. "The Supreme Court has 'recognized that investigative detentions involving suspects in vehicles are especially fraught with danger to police officers.' [Cit.]" *Hayes v. State*, 202 Ga. App. 204, 205 (414 SE2d 321) (1991). Also during the stop, Evans, Tinch and Corbitt claimed they had been in the mall parking lots for only five minutes, directly contradicting the officers' personal observations that the trio had been circling the lots for forty-five minutes.

The discovery of the screwdriver and the misleading claims of Evans, Tinch and Corbitt as to how long they had been in the parking lots, coupled with their prior suspicious activity, provided the officers with probable cause to arrest the trio for loitering and prowling and for possession of tools for the commission of a crime. See OCGA § 16-7-20; *Hansen v. State,* 168 Ga. App. 304, 306 (2) (308 SE2d 643) (1983).

After arresting Evans, Tinch and Corbitt, the officers impounded Tinch's car and conducted an inventory search of it, discovering more screwdrivers, pliers and various car keys. "Inventory searches have been upheld because they serve three legitimate interests: (1) protection of the property while in custody; (2) protection of the police from potential dangers; and (3) protection of the police against claims of lost or stolen property. Justification of such a search, however, is premised upon the validity of the impoundment of the vehicle. Impoundment of a vehicle is valid only if there is some necessity for the police to take charge of the property. Where the impoundment is unreasonable the resulting inventory search is invalid." (Citations and punctuation omitted.) *Williams v. State,* 204 Ga. App. 372, 373 (419 SE2d 351) (1992). Here, the impoundment of the vehicle was necessary because all three of its occupants had been arrested; no one remained to take custody of the car and remove it from the side of the interstate. See *Hansen v. State,* supra at 306 (3). The inventory search of the car was therefore valid. Because the officers' search and seizure of the vehicle and its occupants were valid, the trial court did not err in denying the motion to suppress of Evans and Tinch. See *Castellon v. State,* 200 Ga. App. 478, 480 (3) (408 SE2d 493) (1991).

3. Tinch claims the court erred in denying his motion for a new trial because he did not knowingly and intelligently waive his right to a jury trial. "While the defendant must personally and intelligently participate in the waiver of the right to trial by jury, there is no legal precedent which requires that the waiver be done in court." (Emphasis, citation and punctuation omitted.) *Cooper v. State,* 189 Ga. App. 286, 287 (2) (375 SE2d 505) (1988). "When the purported waiver of this right is questioned, the State bears the burden of showing the waiver was made both intelligently and knowingly, either (1) by showing on the record that the defendant was cognizant of the right being waived; or (2) by filling a silent or incomplete record through the use of extrinsic evidence which affirmatively shows that the waiver was knowingly and voluntarily made." (Punctuation omitted.) *White v. State,* 197 Ga. App. 162 (398 SE2d 35) (1990). In the instant case, the state presented extrinsic evidence in the form of an affidavit from Tinch's trial counsel. The attorney swore that he and Tinch discussed the advantages and disadvantages of trial by jury and trial by the court, and Tinch decided to proceed without a jury for tactical reasons. This affidavit was sufficient evidence that Tinch personally, in-

telligently and voluntarily waived his right to a jury trial. See *Sims v. State*, 167 Ga. App. 479, 480 (1) (306 SE2d 732) (1983).

*Judgments affirmed. Beasley, C. J., and Andrews, J., concur.*

DECIDED JANUARY 6, 1995.

*Bert W. Cohen*, for appellant (case no. A94A2563).
*Joan P. Davis*, for appellant (case no. A94A2595).
*Thomas J. Charron*, District Attorney, *Debra H. Bernes, Amy H. McHesney, W. Thomas Weathers III*, Assistant District Attorneys, for appellee.