## A97A2471. POUND v. THE STATE.
(496 SE2d 769)

ANDREWS, Chief Judge.

Xavia Pound appeals from his conviction of entering an automobile with intent to commit theft, OCGA § 16-8-18. His sole enumeration of error is that the court erred in its charge to the jury on intent. We find no error and affirm the conviction.

1. Viewed with all inferences in favor of the jury's verdict, *Crumbley v. State*, 207 Ga. App. 33, 34 (427 SE2d 27) (1993), the evidence was that around 6:00 a.m. on February 18, 1996, Fisher was arriving home from work at his apartment complex. He saw two young men, one black and one white, going to several cars in the parking lot, looking in the windows and trying the door handles. Fisher went into his apartment, and when the door shut, the two young men looked "startled." As Fisher continued to watch, the two kept looking into cars, and he phoned the police. As he was giving a description of them, he saw one of them "go in the window of one of the cars," a red one he believed was a Hyundai. They went in through the windows, unlocked the door and entered the car, "rooting around like they were looking for something in the car." After rummaging around in the Hyundai, the two got in a Honda and started to drive off. Nothing was taken from the Hyundai, although there was a CD player in it. The Hyundai was owned by Romero, another apartment resident, who testified his windows were broken out and he did not give permission to enter the car.

Officer Boswell arrived as the Honda was driving off and stopped it. Pound was driving, and according to Boswell, he tried to come around her car when she stopped them. She ordered the two men out of the car, at which point Pound stated that they were not breaking into cars. Because of Pound's aggressive attitude and failure to cooperate, she kept her gun pointed at the two until other units arrived. Fisher identified the two as the ones he saw looking into cars and entering the Hyundai, although he could not specify which one entered first.

Pound and his father testified that Pound was driving his father's Honda the evening before and that morning and that two car radios found in its trunk belonged to the father.

Christian, Pound's co-defendant, pled guilty to entering an automobile before trial and initially gave a statement implicating Pound, although at trial he denied Pound's involvement. His initial statement was introduced into evidence.

2. The court gave the following charge, which is enumerated as error: "You are authorized, but not required, to infer an intent to commit a theft where an individual breaks into an area of an automobile in which valuables might be stored. Whether or not you draw

such an inference is a matter solely within your discretion."

This charge was in addition to the charge on intent contained in the Suggested Pattern Jury Instructions as well as the charges on reasonable doubt and definitions of entering an automobile and criminal trespass, a lesser included crime.

After some deliberation, the jury asked the difference between "guilty of entering an automobile and guilty of criminal trespass," a lesser included crime. The court reinstructed the definitions of the two offenses, without repeating the objected-to intent instruction. The jury returned shortly thereafter with a guilty verdict. When the jury was polled, however, one juror disavowed it and deliberations began again. Thereafter, the jury asked for written copies of the two definitions, which the court refused. The court did orally redefine the two offenses. The jury also asked "[d]id prosecution need to prove intent once defendant was in vehicle unlawfully?" In response to this inquiry, the court recharged his initial charges on intent, including the challenged one.

Pound argues that this instruction was argumentative in favor of the State and failed to conform to appropriate, neutral language.

The objected-to charge is a correct statement of law. *Shields v. State*, 202 Ga. App. 659, 661 (3) (415 SE2d 478) (1992). As stated in *Heflin v. State*, 183 Ga. App. 149, 150 (2) (358 SE2d 298) (1987), " '[a]s a general rule the state must, of necessity, rely on circumstantial evidence in proving intent.' *Kinney v. State*, 155 Ga. App. 95 (1) (270 SE2d 209) (1980). While evidence that valuables were present in the trunk is sufficient to support a finding of the requisite intent (*Fields v. State*, 167 Ga. App. 400 (1) (306 SE2d 695) (1983)), lack of such evidence does not automatically result in a lack of evidence from which intent may be inferred. The intent to commit a theft may also be inferred by appellant's admitted action of attempting to break into an area of an automobile in which valuables might be stored. The fact that appellant may have failed in accomplishing his apparent purpose does not render a finding of guilty improper. *Bradshaw v. State*, 172 Ga. App. 330 (2) (323 SE2d 253) (1984)." See *Addis v. State*, 203 Ga. App. 270 (416 SE2d 837) (1992).

Despite Pound's argument that *Heflin* and *Addis* are distinguishable factually because they involved burglaries, we find the legal principle indistinguishable and applicable to entering an automobile. Further, the court here changed "attempts to break in" to "breaks in" before giving the charge.

" 'The charge of the jury must be taken as a whole and each part thereof considered in connection with every other part of the charge. See *Marchman v. State*, 129 Ga. App. 22 (3) (198 SE2d 425); *Hightower v. State*, 135 Ga. App. 275, 277 (217 SE2d 636).' *Grant v. State*, 136 Ga. App. 351 (1), 352 (221 SE2d 210)." *Leigner v. State*, 213 Ga.

App. 871, 872 (3) (446 SE2d 770) (1994).

So considering the charge here, including the recharges, *Mobley v. State*, 218 Ga. App. 739, 740 (2) (463 SE2d 166) (1995), we do not find it subject to the objection made and find that the court properly instructed the jury. *Shields*, supra.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 5, 1998.

*James D. Michael*, for appellant.

*J. Tom Morgan, District Attorney, Carol M. Kayser, Robert M. Coker, Assistant District Attorneys*, for appellee.