## A06A0238. ROLFE v. THE STATE.
### (630 SE2d 438)

ANDREWS, Presiding Judge.

Brandon Joseph Rolfe was found guilty of possession of cocaine and sentenced under the First Offender Act in a bench trial where he stipulated to the evidence supporting the verdict and preserved the right to appeal from the pre-trial denial of his motion to suppress evidence of the cocaine. For the following reasons, we find the trial court correctly denied the motion to suppress and affirm.

Rolfe moved to suppress evidence that he possessed the cocaine claiming that, in violation of the Fourth Amendment to the United States Constitution, a police officer obtained the evidence when he stopped the car Rolfe was driving without reasonable suspicion of criminal activity. The Cobb County officer who made the stop testified at the motion hearing that he was on patrol in his marked police vehicle at 3:40 a.m. near a Home Depot store where there had been previous reports of thefts and break-ins. As he approached the store, which was closed for business at that hour, he saw a car exit the store's parking lot onto a road which dead-ended near the store. The car passed by the officer's approaching vehicle, and the officer turned around and followed the car on the road leading away from the store. The officer followed the car on the road as it passed by a Red Roof Inn, crossed an intersection, then made a U-turn and re-crossed the

intersection and turned into the Red Roof Inn parking lot. At that point, the officer activated his blue lights and stopped the car.

At the stop, the officer detected the odor of alcohol emanating from the car and identified Rolfe as the driver of the car along with a male passenger. Rolfe, who appeared to have trouble speaking, told the officer that he and the passenger were just driving around and talking. The officer asked for and obtained Rolfe's consent to search the car for alcohol, weapons, or drugs, and the officer found a bag of suspected cocaine under the front passenger seat of the car. When the officer asked Rolfe about the suspected cocaine, he noticed that Rolfe was trying to speak without opening his mouth. The officer asked Rolfe to open his mouth, and when Rolfe complied, the officer saw plastic bags in his mouth and asked him to spit out the bags. The officer testified that Rolfe spit out two plastic bags containing additional suspected cocaine. The officer arrested Rolfe and the passenger, read Rolfe the warnings required by *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), and Rolfe waived his rights and stated that he had purchased three bags of cocaine in Atlanta.

The officer testified that he stopped the car, not because of any traffic violation, but to investigate his suspicion that the occupants of the car may have been involved in a theft or break-in at the Home Depot store. The officer based his suspicion on the fact that there had been previous thefts and break-ins at the store, that the car was in the parking lot at 3:40 a.m. when the store was obviously closed, and that the car left the store as he approached in his patrol car. The officer also testified that, as he followed the car from the Home Depot, it appeared to him that the car was being driven in an evasive manner when the driver traveled past the nearby Red Roof Inn, crossed an intersection, then made a U-turn and returned to the Red Roof Inn.

Rolfe's sole claim on appeal is that the officer did not have a reasonable basis under the Fourth Amendment to stop the car to investigate his suspicions. The Fourth Amendment allows a police officer to stop persons or vehicles to investigate the officer's reasonable suspicion "that the person stopped is, or is about to be, engaged in criminal activity." *United States v. Cortez*, 449 U. S. 411, 417 (101 SC 690, 66 LE2d 621) (1981); *Terry v. Ohio*, 392 U. S. 1, 9 (88 SC 1868, 20 LE2d 889) (1968); *Vansant v. State*, 264 Ga. 319, 320 (443 SE2d 474) (1994). To establish the necessary reasonable suspicion to make an investigative stop, the totality of the circumstances must show that the officer had "specific and articulable facts which, taken together with rational inferences from those facts, . . . [provided] a particularized and objective basis for suspecting the particular person stopped of criminal activity." (Punctuation omitted.) *Vansant*, supra at 320. Although an investigative stop cannot be based on an

officer's mere hunch that criminal activity is afoot, "[t]his process allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person." (Citations and punctuation omitted.) *United States v. Arvizu*, 534 U. S. 266, 273 (122 SC 744, 151 LE2d 740) (2002). In considering the totality of the circumstances in each case, a court must avoid evaluating the facts in isolation. Even where each in a series of acts may be susceptible to an innocent explanation, taken together they may collectively amount to reasonable suspicion justifying an officer's investigative stop. Id. at 274-275. Moreover, "[a] determination that reasonable suspicion exists . . . need not rule out the possibility of innocent conduct." Id. at 277.

Applying these standards, we find under the totality of the circumstances that the officer had a reasonable suspicion that the occupants of the car he stopped were, or were about to be, engaged in criminal activity at the Home Depot store. The officer approached the Home Depot store at 3:40 a.m. in his marked patrol vehicle and observed the car exit the store's parking lot onto a road which dead-ended near the store. The store was closed for business at the time, the officer was aware of thefts and break-ins at the store, and it was reasonable for the officer to infer that the driver of the car left the parking lot when he saw the approaching police vehicle. Following the car, the officer observed it drive past an inn located on the road leading to the store, continue through an intersection, and then turn around and return to the same inn. The officer could reasonably infer that, prior to finally arriving at the inn, the car had already passed the inn once to get to the Home Depot store, had passed it a second time leaving the store as the officer followed, and that this oddly circuitous route to the inn was an attempt by the driver to evade the officer. Although these actions may have been susceptible to innocent explanation, and the stop did not reveal that Rolfe was engaged in, or was about to engage in, criminal activity involving the Home Depot store, the Fourth Amendment did not require the officer to disregard reasonable inferences, derived from his training, experience and common sense, that led him to suspect a theft or break-in at the store. Taken together, the above factors were sufficient to give the officer a particularized and objective basis for reasonable suspicion to stop the car and investigate. *Lee v. State*, 270 Ga. 798, 802-803 (514 SE2d 1) (1999).

Because the trial court correctly denied Rolfe's motion to suppress the evidence obtained as a result of the valid stop, the court properly considered this evidence as the basis for finding him guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED MARCH 30, 2006.

*Scott P. Semrau*, for appellant.
*Patrick H. Head, District Attorney, Amelia G. Pray, Thomas A. Cole, Assistant District Attorneys*, for appellee.