### A08A2422. TAYLOR v. THE STATE.
(675 SE2d 504)

BERNES, Judge.

Following a jury trial, Marvin Taylor was convicted of burglary and giving police a false name. He argues on appeal that the trial court erred by denying his motion to suppress physical and testimonial evidence stemming from the stop of a vehicle in which he was riding as a passenger, which he asserts was unconstitutional. Because we find that the officer had reasonable articulable suspicion to stop the vehicle, we affirm.

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

*Lucas v. State*, 284 Ga. App. 450 (644 SE2d 302) (2007). The evidence presented at the motion to suppress hearing showed that on January 3, 2003 at approximately 5:20 a.m., police responded to a report of a burglary in an apartment complex. While investigating the scene, the officer observed that the perpetrator(s) had used a large rock to break a glass door in the back of the apartment. He further noticed muddy shoeprints on the apartment floor, as well as a shoeprint in the mud immediately outside of the back door.

As the officer was examining the shoeprint located on the outside of the apartment, he observed a vehicle occupied by two males turn off of the street running adjacent to the apartment complex onto a service road. There were no other persons or vehicles driving in the area. The vehicle drove along the service road, which ran between the burglarized apartment and the loading dock of a closed business, and continued to an unpaved gravel trail leading to a muddy, rutted area where construction equipment was kept. The vehicle passed within 30 feet of the officer, and the officer testified that when the occupants noticed him, they looked surprised — like "deer in headlights." The driver then accelerated up a hill on the unpaved trail toward the construction area, turned the vehicle around and quickly drove back down the hill.

The officer requested backup and stopped the vehicle. After Taylor, the passenger in the vehicle, gave the officer three false names, the officer requested that he exit the car. The officer noticed a backpack on the front floorboard that had been identified as one of the items taken from the apartment and, after the men denied ownership and consented to its search, the officer found that it contained electronic equipment that had also been taken from the apartment.

Taylor argues that the officer's stop of the vehicle violated his rights under the Fourth Amendment to the United States Constitution and, therefore, that all evidence obtained as a result of the stop should have been suppressed. We disagree.

An investigative stop that is made based upon a police officer's reasonable suspicion that a person "is, or is about to be, engaged in criminal activity" does not violate the Fourth Amendment. (Citations and punctuation omitted.) *Rolfe v. State*, 278 Ga. App. 605, 606 (630 SE2d 438) (2006). See *United States v. Cortez*, 449 U. S. 411, 417 (II) (A) (101 SC 690, 66 LE2d 621) (1981); *Vansant v. State*, 264 Ga. 319, 320 (2) (443 SE2d 474) (1994).

> To establish the necessary reasonable suspicion to make an investigative stop, the totality of the circumstances must show that the officer had specific and articulable facts which, taken together with rational inferences from those facts, provided a particularized and objective basis for suspecting the particular person stopped of criminal activity.

(Citation and punctuation omitted.) *Rolfe*, 278 Ga. App. at 606. Police officers are permitted to draw reasonable inferences and deductions based upon their own experience and training when assessing whether the cumulative information available to them authorizes an investigatory stop. Id. at 607.

Here, the responding officer was investigating a burglary when he observed the vehicle in which Taylor was riding driving down a service road in the very early morning hours when no one else was in the area. The sole business on the service road was closed at that hour and the gravel path led only to a construction site, the type of which, the officer testified based upon his experience, was routinely subject to theft-related incidents. Both Taylor and the vehicle's driver appeared startled when they noticed the officer's presence and they immediately accelerated away and attempted to leave the scene. Finally, the officer testified that in his experience working with approximately 200 burglaries, burglary suspects are frequently discovered near the vicinity of the crime.

Taken together, the above factors were sufficient to give the officer a particularized and objective basis for suspecting that Taylor and the vehicle's driver were or were about to be engaged in criminal activity. See *Rolfe*, 278 Ga. App. at 607; *Cox v. State*, 263 Ga. App. 266, 267 (1) (587 SE2d 205) (2003); *Evans v. State*, 216 Ga. App. 21, 23 (2) (453 SE2d 100) (1995); *Smith v. State*, 182 Ga. App. 58, 58-59 (354 SE2d 681) (1987). Compare *State v. Winnie*, 242 Ga. App. 228, 229-230 (529 SE2d 215) (2000) (officer's observation that appellee's vehicle was parked behind a closed business during the early morning hours alone, without any report of criminal activity or other evidence of suspicious activity, was insufficient to justify the investigative stop). Although Taylor asserts that their presence may have been explained innocently, "a determination that reasonable suspicion exists need not rule out the possibility of innocent conduct." (Citation and punctuation omitted.) *Rolfe*, 278 Ga. App. at 607. Accordingly, the search was valid and the trial court did not err in denying Taylor's pre-trial motion to suppress. See id.; *Cox*, 263 Ga. App. at 267 (1); *Evans*, 216 Ga. App. at 23 (2).

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED MARCH 5, 2009.

*Thomas J. Killeen*, for appellant.

*Kenneth W. Mauldin*, District Attorney, *Kristopher M. Bolden*, Assistant District Attorney, for appellee.