## A10A0462. VAN AUKEN v. THE STATE.
### (697 SE2d 895)

BERNES, Judge.

After he was arrested during a traffic stop, Jason Van Auken filed a motion to suppress, arguing that the arresting officer lacked articulable suspicion to stop his vehicle for violating Georgia's "move-over" statute, which imposes a duty upon drivers to slow down or change lanes when approaching a stationary emergency vehicle with its flashing lights activated. OCGA § 40-6-16 (a). The trial court denied the motion, concluding that while Van Auken technically had not committed a "move-over" violation, the officer had articulable suspicion to make the stop because he had a good faith belief that an unlawful act had occurred. During the ensuing jury trial, Van Auken moved for a directed verdict of acquittal on the "move-over" violation, which the trial court denied. The jury returned a verdict of guilty, and the trial court denied Van Auken's motion for new trial. Van Auken appeals, contending that the trial court erred in denying his motion for a directed verdict of acquittal, given the court's prior ruling on the suppression motion that the "move-over" statute had not been violated. For the reasons discussed below, we reject this contention and affirm.

> On appeal, the standard of review for denial of a motion for directed verdict is the same as that for determining the sufficiency of the evidence to support a conviction. The issue is whether, based on the evidence presented, a rational finder of fact could have found the accused guilty of the charged offenses beyond a reasonable doubt. Leaving the resolution of conflicting or contradictory testimony and the credibility of the witnesses to the jury, we construe the evidence in favor of the jury's verdict[ ].

(Punctuation and footnotes omitted.) *Hash v. State*, 248 Ga. App. 456, 457 (1) (546 SE2d 833) (2001). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed in this light, the evidence showed that on the evening of October 12, 2007, a police sergeant with the Georgia State Patrol was parked in his marked patrol car with flashing blue lights activated on the right shoulder of Georgia 400 northbound. The patrol car was parked along a straightaway at least a half of a mile in length. The sergeant had just issued a warning citation to a large motor home and had agreed to assist the motor home in merging back onto the highway. Before he began to accelerate and reenter the highway, the sergeant looked in his mirror and observed Van Auken's vehicle approaching in the right traffic lane adjacent to his stationary patrol

car. According to the sergeant, Van Auken was approximately a half of a mile away from the patrol car at that point.

With the flashing blue lights still activated on his patrol car, the sergeant put his car into drive and began to slowly merge into the right lane of traffic. Seconds later, before the sergeant had fully merged his patrol car into the right traffic lane, Van Auken nearly struck the patrol car as he changed lanes at the last possible moment without slowing down.

The sergeant activated his siren and initiated a traffic stop based upon his belief that Van Auken had committed a "move-over" violation. During the course of the traffic stop, the sergeant noted that Van Auken had the odor of alcohol on his breath, appeared unsteady on his feet at times, had bloodshot eyes, and exhibited multiple signs of impairment while attempting to perform a series of field sobriety tests. After first denying to the sergeant that he had consumed any alcohol, Van Auken ultimately admitted to drinking beer at a bar that evening after work. Based upon these observations and Van Auken's driving, the sergeant determined in light of his training and experience that Van Auken had been driving under the influence of alcohol to the extent that he was a less safe driver ("DUI — Less Safe").

The sergeant arrested Van Auken for DUI — Less Safe and for committing a "move-over" violation. After reading the applicable implied consent notice to Van Auken, the sergeant requested that he submit to a state-administered chemical test of his breath and blood. Van Auken declined the request and was transported to the detention center.

Van Auken filed a motion to suppress challenging the legality of the traffic stop on the ground that the sergeant lacked articulable suspicion to believe that he had violated the "move-over" statute, OCGA § 40-6-16. That statute provides in relevant part:

> (a) The operator of a motor vehicle approaching a *stationary* authorized emergency vehicle that is displaying flashing yellow, amber, white, red, or blue lights shall approach the authorized emergency vehicle with due caution and shall, absent any other direction by a peace officer, proceed as follows:
> (1) Make a lane change into a lane not adjacent to the authorized emergency vehicle if possible in the existing safety and traffic conditions; or
> (2) If a lane change under paragraph (1) of this subsection would be impossible, prohibited by law, or unsafe, reduce the speed of the motor vehicle to a reasonable and proper speed for the existing road and traffic conditions,

which speed shall be less than the posted speed limit, and be prepared to stop.

(Emphasis supplied.) OCGA § 40-6-16 (a). According to Van Auken, the sergeant did not have the reasonable articulable suspicion necessary to stop his vehicle because the patrol car had been moving — rather than "stationary" — at the time the sergeant observed Van Auken fail to properly slow down or change lanes.

At the evidentiary hearing on the motion to suppress, the sergeant who made the traffic stop testified to the events set out above. Additionally, a video recorder in the sergeant's patrol car recorded the incident from the point when the sergeant first began merging his car slowly back into the right lane of traffic, and the trial court reviewed the videotape. In its order denying the motion to suppress, the trial court found that

> the evidence is undisputed that [the sergeant's] vehicle was slightly moving at the time [Van Auken] was observed changing lanes at the last possible instant. Thus, pursuant to the above-cited "move-over" statute, [Van Auken] cannot be found to have violated OCGA § 40-6-16 (a).

The trial court went on to conclude, however, that the sergeant had articulable suspicion to make the stop because he had a good faith belief that an unlawful act had been committed. See, e.g., *State v. Rheinlander*, 286 Ga. App. 625, 626-627 (649 SE2d 828) (2007). The trial court reached the same conclusions in its subsequent order denying Van Auken's motion for reconsideration.

The case was tried before a jury on the charges of DUI — Less Safe and violation of the "move-over" statute. The jury heard the testimony of the sergeant regarding the traffic stop and saw the video recording from the patrol car. During his testimony, the sergeant reiterated that immediately prior to merging into the right traffic lane, his patrol car had been stationary, with its flashing blue lights activated, on the right shoulder along a straightaway of Georgia 400 that stretched at least a half of a mile. The sergeant further noted that he had observed Van Auken approaching from approximately half a mile away when his patrol car was still stationary on the right shoulder, and that Van Auken "would've been able to see [him] sitting there" before he began to move his patrol car slowly into the right traffic lane.

Van Auken moved for a directed verdict of acquittal on the "move-over" violation, which the trial court denied. In denying the motion, the trial court concluded that a jury issue existed over whether Van Auken should have slowed down or changed lanes as he

YALE LAW LIBRARY

approached the sergeant's stationary patrol vehicle along the extended straightaway, prior to when the sergeant began to move slowly into the right traffic lane. The jury thereafter returned a verdict of guilty on both counts of the accusation, the trial court denied Van Auken's motion for a new trial, and this appeal followed.

Van Auken argues that the trial court erred in denying his motion for a directed verdict of acquittal on the "move-over" violation after concluding that no such violation had occurred in its orders denying his motion to suppress and motion for reconsideration (the "suppression orders").[1] We disagree.

A motion to suppress and a motion for a directed verdict of acquittal involve different evidentiary frameworks. In ruling on a motion to suppress, the trial court sits as the trier of fact and thus is charged with resolving any conflicts in the evidence and assessing the credibility of the witnesses. See *Perkins v. State*, 300 Ga. App. 464, 467 (3) (685 SE2d 300) (2009); *Reid v. State*, 298 Ga. App. 889, 892 (2) (681 SE2d 671) (2009). In contrast, in ruling on a motion for a directed verdict of acquittal, the trial court does not assume the role of factfinder. Rather, the trial court must view the evidence in the light most favorable to the state, and the court can grant the motion only where there is no conflict in the evidence and no rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. See OCGA § 17-9-1 (a); *Mealor v. State*, 233 Ga. App. 193, 194 (4) (504 SE2d 29) (1998); *Moore v. State*, 215 Ga. App. 626, 627 (2) (451 SE2d 534) (1994). Given these different modes of analysis, the trial court's finding regarding the "move-over" violation made in the context of the suppression orders cannot be treated as the equivalent of a finding that the evidence demanded a verdict of acquittal on that count as a matter of law.[2] See *Camacho v. State*, 292 Ga. App. 120, 122-123 (2) (663 SE2d 364) (2008).

Because the trial court's prior finding in the suppression orders was not binding and conclusive on the issue of Van Auken's criminal liability, we turn to the trial record to address the sufficiency of the evidence on the "move-over" violation, mindful that all evidence and

---

[1] Van Auken does not challenge his conviction for DUI – Less Safe. Nevertheless, we have reviewed the evidence adduced at trial and conclude that a rational jury was authorized to find him guilty beyond a reasonable doubt of that offense. *Jackson*, 443 U. S. 307. See OCGA § 40-6-391 (a) (1); *Blankenship v. State*, 301 Ga. App. 602, 603 (1) (a) (688 SE2d 395) (2009).

[2] Citing to several inapposite cases in the child deprivation context, Van Auken argues that the conclusions reached by the trial court in its order denying the motion to suppress are binding because the state did not appeal the order. This argument is without merit. The state is only authorized to appeal from the *grant* of a motion to suppress. See OCGA § 5-7-1 (a) (4). See also *State v. Evans*, 282 Ga. 63, 64 (646 SE2d 77) (2007) ("If the [s]tate attempts an appeal outside the ambit of OCGA § 5-7-1 (a), the appellate courts do not have jurisdiction to entertain it.") (citation omitted).

inferences drawn from it must be construed in the light most favorable to the jury verdict. See *Camacho*, 292 Ga. App. at 123 (2). It is true that the video recording of the incident begins at the point when the sergeant was slowly moving his patrol car into the right traffic lane. However, as previously noted, the sergeant testified that his patrol car was stationary immediately before the recording commenced; that he had been parked alongside an extended straightaway in which his patrol car would have been visible to Van Auken as he approached in the right traffic lane; and that he had observed Van Auken approaching from a distance of approximately a half of a mile away while his patrol car was still stationary. Furthermore, only a few seconds elapse on the video recording before Van Auken can be seen nearly striking the slowly moving patrol car.

Based upon the testimony of the sergeant and the video recording, the jury was entitled to find that Van Auken, approaching in the right traffic lane, would have been able to see the patrol car with flashing blue lights activated while it was still stationary on the right shoulder of the highway. Additionally, the jury could reasonably infer from the evidence that Van Auken had an opportunity to slow down or change lanes before the patrol car started to move, but failed to do so, with the result that he nearly struck the patrol car once it began to slowly merge into the right traffic lane. Under these circumstances, a rational factfinder was authorized to find Van Auken guilty beyond a reasonable doubt of violating the "move-over" statute. *Jackson*, 443 U. S. 307. See OCGA § 40-6-16 (a).

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED JULY 6, 2010.

*Banks & Stubbs, Rafe Banks III*, for appellant.
*Leslie C. Abernathy, Solicitor-General, Lynne S. Amos, Assistant Solicitor-General*, for appellee.