## A10A1008. MACK v. THE STATE.
(700 SE2d 685)

BARNES, Presiding Judge.

A jury found Irvin Mack guilty of misdemeanor obstruction of an officer. Mack appeals, arguing that the trial court erred in denying his motion to suppress and his motion for directed verdict of acquittal. Finding no error, we affirm.

1. On appeal from the denial of a motion to suppress, we construe the evidence favorably to the trial court's findings and judgment. *Martin v. State,* 291 Ga. App. 363 (1) (662 SE2d 185) (2008). We accept the trial court's factual determinations if they are supported by any evidence, and we will not overturn its credibility findings absent clear error. Id.

So viewed, the evidence shows that on March 3, 2005, an officer with the Houston County Sheriff's Office observed a vehicle occupied by three people illegally pass another car on a double yellow line. The officer stopped the vehicle, and the driver stated that he was taking Mack, the front seat passenger, to the hospital. The officer checked on Mack, who had a cut lip and blood on the front of his shirt, and asked what had happened. Mack responded that the officer could talk with him after he received medical attention. He then urged the driver to disregard the traffic stop and take him immediately to the hospital. The driver ignored Mack's request, and the officer called for an ambulance. Mack then got out of the car, again urging the driver to continue to the hospital. When the driver refused to leave, Mack moved to the back of the car, stating that he would walk to the emergency room.

---

The officer testified that Mack had red, watery eyes and a strong odor of alcohol about his person. Believing that Mack was intoxicated, the officer told him to relax and instructed him to get back into the car. Mack, however, continued to walk toward the street. The officer took Mack's arm to escort him back to the car, but Mack pulled away and moved into the street. At that point, the officer called for backup to help him regain control over the situation, which appeared to be "going downhill fast." The officer stepped in front of Mack, who assumed a "fighting stance" and clenched his fists together, as though he were about to strike the officer. The driver and the car's other passenger intervened, pulling Mack away and placing him into the car. Backup officers and an ambulance arrived a few minutes later, and Mack was arrested for obstruction.

Mack moved to suppress all evidence and testimony relating to his conduct at the traffic stop, arguing that the officer illegally detained him by preventing him from leaving the scene. The officer testified, however, that he did not let Mack leave because he believed Mack was drunk. And pursuant to OCGA § 40-6-95, "[a] person who is under the influence of intoxicating liquor or any drug to a degree which renders him a hazard shall not walk or be upon any roadway or the shoulder of any roadway."

An officer may briefly detain an individual based on a reasonable suspicion that the person is, or is about to be, engaged in criminal activity. See *Taylor v. State*, 296 Ga. App. 481, 482 (675 SE2d 504) (2009). Mack's appearance and the smell of alcohol about his person gave the officer reasonable, articulable suspicion that he was intoxicated. See *Long v. State*, 271 Ga. App. 565, 569 (2) (610 SE2d 74) (2005). Given Mack's stated plan to walk to the hospital and his movement into the street, the officer also reasonably suspected that Mack was, or was about to be, an intoxicated pedestrian in violation of OCGA § 40-6-95.

Such reasonable suspicion authorized the officer to detain Mack briefly to investigate the situation. See *Taylor*, supra. Moreover, Mack's belligerence and continued refusal to comply with the officer's instructions during the detention provided probable cause for his arrest. See *West v. State*, 296 Ga. App. 58, 61 (2) (673 SE2d 558) (2009) (individual who obstructs an officer during the investigation of a crime may be guilty of obstruction); *Martin*, supra, 291 Ga. App. at 366 (1) (b) (officer had probable cause to arrest defendant for obstruction after defendant refused to obey officer's instruction and threatened officer). The trial court, therefore, properly denied the motion to suppress.

2. In a related claim, Mack argues that the trial court should have directed a verdict of acquittal as to obstruction because the officer lacked authority to detain him and thus was not lawfully

discharging his duties at the time, a key element of obstruction. See OCGA § 16-10-24 (a). As discussed above, however, the officer legally stopped Mack, and the evidence authorized the conclusion that Mack obstructed the officer. See *West*, supra, 296 Ga. App. at 61-62; *Martin*, supra, 291 Ga. App. at 367 (2) (b). Accordingly, this claim of error lacks merit.

*Judgment affirmed. Adams, J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED AUGUST 26, 2010.

*Angela M. Coggins*, for appellant.

*Kelly R. Burke, District Attorney, Venita S. McCoy, Assistant District Attorney*, for appellee.