## A11A1003. BROWN v. THE STATE.
(718 SE2d 847)

MILLER, Presiding Judge.

Following a jury trial, Mark Brown was found guilty of criminal attempt to commit entering an automobile (OCGA §§ 16-4-1, 16-8-18) and loitering or prowling (OCGA § 16-11-36).[1] Brown filed a motion for new trial, which he subsequently amended. The trial court denied Brown's motion, and Brown filed this appeal. Brown contends that (i) the evidence was insufficient to support his conviction of attempt to commit entering an automobile; (ii) the trial court erred by denying Brown's motion for a directed verdict of acquittal as to loitering or prowling; and (iii) the trial court erred by sentencing Brown to consecutive confinement on the loitering or prowling charge because it should have merged into the conviction on attempt to commit entering an automobile. For the reasons stated below, we affirm.

"On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict." (Punctuation and footnote omitted.) *Goss v. State*, 305 Ga. App. 497, 497 (699 SE2d 819) (2010).

So viewed, the evidence shows that an on-duty security guard for Athens Security Agents was patrolling a sorority house at the University of Georgia. No men resided at the sorority house. At approximately 2:00 a.m., the security guard noticed a man in the back parking lot of the sorority house, who was standing with his hand on the door of a vehicle parked in the lot. The security guard watched the man try to pull the vehicle's door open several times. The security guard began approaching the man and asked him who he was and what he was doing. As the security guard was approaching him, however, and before the man was able to get the vehicle door open, he fled from the parking lot. The security guard called the police.

The responding officer met the security guard at the sorority house parking lot and obtained a description of the man. After the description was dispatched over the radio, another officer in the area

---

[1] Brown was also charged with entering an automobile (OCGA § 16-8-18), but the jury found him not guilty on that count.

observed a man matching the description enter a nearby sandwich shop. The responding officer and security guard went to the sandwich shop, where the security guard identified Brown as the man he saw in the sorority house parking lot and Brown was arrested. The security guard later provided an in-court identification of Brown.

1. Brown contends that there is insufficient evidence to support his conviction for attempt to commit entering an automobile.

> [T]his Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court. As long as there is some evidence, even though contradicted, to support each necessary element of the [S]tate's case, this Court will uphold the jury's verdict.

(Punctuation and footnote omitted.) *Heard v. State*, 299 Ga. App. 44, 44 (1) (681 SE2d 701) (2009).

"A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. A person commits the crime of entering an automobile by entering any such automobile with the intent to commit a theft. OCGA § 16-8-18.

Brown contends that lifting the door handle of a vehicle did not constitute a substantial step toward the offense of entering an automobile, and that there was insufficient evidence of intent because the State failed to set forth testimony that the vehicle was damaged or that it contained any valuables. Brown's arguments are meritless.

> The substantial step language of OCGA § 16-4-1 shifts the emphasis from what remains to be done to what the actor *has already done*. The fact that further steps must be taken before the crime can be completed does not preclude such a finding that the steps already undertaken are substantial. In addition to assuring firmness of criminal purpose, the requirement of a substantial step will remove very remote preparatory acts from the ambit of attempt liability and the relatively stringent sanctions imposed for attempts.

(Citation and punctuation omitted.) *Evans v. State*, 216 Ga. App. 21, 22 (1) (453 SE2d 100) (1995). Brown's act of repeatedly pulling at a vehicle's door handle amounts to more than a mere preparatory act, and is instead an act "proximately leading to the consummation of

the crime of entering an automobile." Id. (concluding for purposes of attempt to enter an automobile, that defendants went beyond remote acts of preparation when they drove to the shopping center parking lots in search of a specific car to enter). Moreover, the lack of evidence that the vehicle was damaged or that it contained valuables "does not automatically result in a lack of evidence from which intent may be inferred." *Pound v. State*, 230 Ga. App. 467, 468 (2) (496 SE2d 769) (1998). Indeed, "[t]he intent to commit a theft [as is required for the crime of entering automobile] may also be inferred by appellant's . . . action of attempting to break into an area of an automobile in which valuables might be stored." Id.

Here, contrary to Brown's arguments, there was sufficient evidence to sustain his conviction. Brown was seen repeatedly pulling on the door handle of a vehicle parked in a sorority house parking lot at 2:00 a.m., and upon being confronted by a security guard, Brown immediately fled the sorority house parking lot. The jury was authorized to consider Brown's flight as circumstantial evidence of his guilt. *Tauch v. State*, 305 Ga. App. 643, 645-646 (1) (700 SE2d 645) (2010) ("The fact that a suspect flees the scene of a crime points to the question of guilt in a circumstantial manner. . . .") (citation and punctuation omitted). The evidence was sufficient to enable a rational trier of fact to find Brown guilty beyond a reasonable doubt of attempt to commit the crime of entering an automobile. See *Evans*, supra, 216 Ga. App. at 22 (1).

2. Brown next challenges the trial court's denial of his motion for a directed verdict of acquittal as to the offense of loitering or prowling. "On appeal, the standard of review for denial of a motion for directed verdict is the same as that for determining the sufficiency of the evidence to support a conviction." (Citation omitted.) *Van Auken v. State*, 304 Ga. App. 802, 802 (697 SE2d 895) (2010).

"A person commits the offense of loitering or prowling when he is in a place at a time or in a manner not usual for law-abiding individuals under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity." OCGA § 16-11-36 (a). Here, based upon the evidence set forth above, "a rational trier of fact could have found beyond a reasonable doubt that [Brown] was present at an odd place, at a suspicious time of day, exhibited an unusual appearance, and was behaving in a bizarre manner atypical of law-abiding individuals." (Citations and punctuation omitted.) *O'Hara v. State*, 241 Ga. App. 855, 857 (1) (528 SE2d 296) (2000).

In support of his enumeration of error, however, Brown nevertheless contends that the failure of the investigating law enforcement officers to afford Brown an opportunity to explain his presence at the sorority house parking lot rendered Brown's conviction for

loitering or prowling illegal under OCGA § 16-11-36 (b). OCGA § 16-11-36 (b) provides in relevant part:

> . . . *Unless flight by the person* or other circumstances make it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this Code section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting the person to identify himself and explain his presence and conduct. No person shall be convicted of an offense under this Code section if the law enforcement officer failed to comply with the foregoing procedure or if it appears at trial that the explanation given by the person was true and would have dispelled the alarm or immediate concern.

(Emphasis supplied.)

Brown claims that given his "level of cooperation with [the investigating officers], there were no circumstances that excused the officers' failure to comply with the procedures outlined in the statute." Brown's "level of cooperation" with a law enforcement officer, however, is not dispositive under OCGA § 16-11-36 (b). Rather, in determining whether an officer should have afforded the suspect an opportunity to dispel alarm, the statute expressly relieves an officer from doing so where there has been "flight by the person." OCGA § 16-11-36 (b). Such was the situation here, where there was evidence that Brown immediately fled from the sorority house parking lot upon being detected and confronted by a security guard. Accordingly, OCGA § 16-11-36 (b) did not require the investigating law enforcement officers to seek an explanation from Brown concerning his earlier presence and conduct at the sorority house parking lot. Cf. *O'Hara*, supra, 241 Ga. App. at 857 (1) ("Given [defendant's] flight combined with his peculiar behavior and appearance, the investigating officer might well have considered the circumstances impracticable for seeking an explanation from [defendant] concerning his presence and conduct.") (punctuation and footnote omitted). Therefore, Brown's claim is without merit and the trial court properly denied his motion for a directed verdict of acquittal.

3. Brown argues that, for purposes of sentencing, his conviction for loitering or prowling should have merged into his conviction for attempt to commit the crime of entering an automobile. "We review merger issues under OCGA § 16-1-7 (a) de novo." (Citation and footnote omitted.) *Howard v. State*, 301 Ga. App. 230, 230 (687 SE2d 257) (2009).

To determine whether the offenses merged, we apply the

required evidence" test set forth in *Drinkard v. Walker*, 281 Ga. 211, 214-215 (636 SE2d 530) (2006). "Under that test, we examine whether each offense requires proof of a fact which the other does not." (Citation and punctuation omitted.) *Long v. State*, 287 Ga. 886, 888 (2) (700 SE2d 399) (2010). Attempt to commit the crime of entering an automobile requires proof that Brown had intent to commit the crime of entering automobile and that he performed an act which constituted a substantial step toward the commission of entering an automobile. See OCGA §§ 16-4-1, 16-8-18. As set forth in Division 2 above, "[a] person commits the offense of loitering or prowling when he is in a place at a time or in a manner not usual for law-abiding individuals under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity." OCGA § 16-11-36 (a).

Contrary to Brown's argument, merging of the sentences is not warranted here, where mutually exclusive elements of the crimes remain. See *Drinkard*, supra, 281 Ga. at 216. Notably, loitering or prowling requires proof of a fact that attempt to commit entering an automobile does not — that is, presence in a place at a time or in a manner not usual for law-abiding individuals. See OCGA § 16-11-36 (a). Likewise, attempt to commit entering an automobile requires proof of a fact that loitering or prowling does not — performance of an act which constituted a substantial step toward the commission of entering an automobile. See OCGA §§ 16-4-1, 16-8-18.

Thus, the loitering or prowling conviction does not merge into the attempt to commit entering an automobile conviction, and the trial court did not err by entering consecutive sentences for each offense.

*Judgment affirmed. Ellington, C. J., and Doyle, J., concur.*

DECIDED NOVEMBER 10, 2011.

*Benjamin A. Pearlman*, for appellant.

*Kenneth W. Mauldin, District Attorney, Antonio E. Veal, Assistant District Attorney*, for appellee.