**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 22, 2018**

# In the Court of Appeals of Georgia

A18A0695. MOBLEY v. THE STATE.

RAY, Judge.

Khalil Mobley entered a plea of guilty to several crimes arising out of his attempt to evade police officers while driving a stolen vehicle. He appeals from the trial court's refusal to merge his convictions for felony obstruction of a law enforcement officer under Counts 10 and 11 of his indictment. For the following reasons, we affirm.

At the plea hearing, the State proffered the following evidence: On September 17, 2014, Mobley was in a stolen vehicle when a uniformed officer attempted to confront him by walking up to the car on the street. Mobley reversed his car, sped off, and nearly struck the officer. As he turned a corner, the street was blocked by

unoccupied police vehicles. As Mobley attempted to pass through the police cars, he hit one of the police cars, causing his car to flip onto its side.

Officer McCoy approached the overturned vehicle and ordered Mobley to show his hands. Rather than obey the officer, Mobley remained in the vehicle and fired his gun through the roof of his overturned vehicle at Officer McCoy. Officer McCoy was standing between two parked vehicles across from the overturned car "directly in front of [its] roof." Mobley then fired a second shot through the rear window of the overturned vehicle at Officer Jensen, who was in the middle of the street and was running towards the overturned vehicle. The flipped car then caught on fire. Mobley threw the gun out of the car, and soon after he was pulled from the vehicle by police and taken into custody. The event was recorded on a video from a camera inside a police vehicle, and the recording was introduced into evidence at the sentencing hearing.

Mobley argues that the trial court erred by not merging his convictions for Counts 10 and 11 for the purposes of sentencing.

Counts 10 and 11 of the indictment charged Mobley with two counts of obstruction of a law enforcement officer, one against each officer, for "knowingly and willfully oppos[ing] . . . a law enforcement officer with the SCMPD, in the lawful

2

discharge of his lawful duties by offering to do violence to said person by firing a weapon during an attempted apprehension by police[.]" See OCGA § 16-10-24 (b). "[A]lthough a defendant may be tried on multiple counts arising out of the same conduct, the rules of merger permit only one conviction and sentence for a single crime and all included offenses." (Citation and footnote omitted.) *Stevenson v. State*, 272 Ga. App. 335, 336 (1) (612 SE2d 521) (2005) (citing OCGA § 16-1-7 (a)). "We review merger issues under OCGA § 16-1-7 (a) de novo." (Citation and punctuation omitted.) *Brown v. State*, 312 Ga. App. 489, 492 (3) (718 SE2d 847) (2011).

Mobley relies solely on *Lidy v. State*, 335 Ga. App. 517 (782 SE2d 302) (2016), for the assertion that Counts 10 and 11 were completed in one act of obstruction and should be merged. We are unpersuaded. In *Lidy*, supra, the defendant was being physically restrained by two officers, one on either side of him, holding his arms. One of the officers was injured when the defendant, in one act, violently pulled away from them to try to break free. Id. at 517. This Court held that the trial court erred in failing to merge two counts of felony obstruction for purposes of sentencing when a defendant committed a single act of resistance, lasting only a few seconds, against two officers simultaneously. Id. at 520-521 (2). This Court noted that there was "no clear distinction . . . between the way Lidy struggled with the lieutenant and

the way he struggled with the chief, although the struggle resulted in an injury to the chief only." Id.

Unlike the defendant in *Lidy*, however, Mobley committed two distinctly different acts, at two different times, and against two different officers. Mobley shot at Officer McCoy through the roof of his overturned vehicle. He then fired a second shot through the back window of the car towards Officer Jensen, who was running in the middle of the street towards the overturned vehicle. Mobley's decision to shoot his gun at two different officers, in two different moments in time, and from two different vantage points, does not amount to a single act. As the "evidence showed that each charge of obstruction was separate and distinct with independently supporting facts, there was no merger." (Citations and footnote omitted.) *Jackson v. State*, 295 Ga. App. 427, 433 (5) (671 SE2d 902) (2009) (trial court properly held that defendant's five convictions for obstruction did not merge when defendant "separately hindered each of the five officers during his arrest[,]" which hindered each officer's attempt to lawfully subdue or arrest him).

*Judgment affirmed. McFadden, P.J., and Rickman, J., concur.*